**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Sunshine Gable and Mamadou Diagne, Defendants,

Of whom Sunshine Gable is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-000604

---

Appeal From Lexington County
W. Greg Seigler, Family Court Judge

---

Unpublished Opinion No. 2022-UP-341
Submitted August 15, 2022 – Filed August 17, 2022

---

**AFFIRMED**

---

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Benjamin Reynolds Elliott, of Stevens B. Elliott,
Attorney At Law, of Columbia, as the Guardian ad Litem
for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Brett Lamb Stevens, of Stevens Law, LLC, of Columbia, for the Guardian ad Litem for the Children.

---

**PER CURIAM:** Sunshine Gable appeals the family court's final order that (1) found she had placed the children at substantial risk for harm and her home was not safe for reunification; (2) granted custody of Child 2 to his biological father and dismissed Child 2 and the father from the case; and (3) ordered legal and physical custody of Child 1 to remain with the Department of Social Services (DSS) and allowed DSS to forego providing further services. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents); S.C. Code Ann. § 63-7-1640(C) (Supp. 2021) (setting forth situations when a family court may authorize DSS to forego reasonable efforts at family reunification). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling.

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without argument pursuant to Rule 215, SCACR.